# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Kevin Morris,                                :         Case No. 1:08CV0175
                                             :
        Plaintiff                    :         Judge Patricia A. Gaughan
                                             :
        v.                           :         Magistrate Judge David S. Perelman
                                             :
Commissioner of Social Security,             :         **REPORT AND RECOMMENDED**
                                             :         **DECISION**
        Defendant                    :

        This action pursuant to 42 U.S.C. §405(g)seeking judicial review of defendant's final determination denying plaintiff's claim for disability benefits, 42 U.S.C. §§416(i), 423, is pending decision upon the parties' submissions on the merits, pursuant to which plaintiff seeks entry of final judgment in his favor, alternatively, an order of remand, and defendant seeks final judgment upholding the decision below.

        Plaintiff applied for benefits on April 15, 2002, alleging an onset date of May 3, 2001.  In an accompanying Disability Report - Adult the questions "What are the illnesses, injuries or conditions that limit your ability to work?" and "How do your illnesses, injuries or conditions limit your ability to work?" were answered "diabetes, high blood pressure, blood clot in left arm, blood blister on heel of left foot, pancreatis, high cholesterol, acid reflux, kidney failure" and "My left hand is numb, I have to walk on my toes on my left foot."

Upon denial of plaintiff's claim on the state agency level hearing de novo before an Administrative Law Judge (hereinafter ALJ) was requested.  Evidentiary hearing, at which plaintiff was represented by counsel, was held on May 26, 2004.  Also testifying at that proceeding was a vocational expert, Ms. Carol Mosely.

On August 25, 2004 the ALJ entered his opinion denying plaintiff's claim.  That decision became defendant's final determination upon denial of review by the Appeals Council on December 8, 2007.[1]  The ALJ's Findings, representing the rationale of decision, were:

    1.    The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(l) of the Social Security Act and is insured for benefits through December 31, 2003.

    2.    The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

    3.    The claimant's diabetes, left hand/upper extremity reflex sympathetic dystrophy, and hypertension are considered "severe" based on the requirements in the Regulations 20 CFR §404.1520(c)).

    4.    These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

    5.    The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

    6.    The claimant has the following residual functional capacity: to lift or carry up to 10 pounds frequently and 25 pounds maximum with his right arm.  The claimant should only do minimal lifting and carrying with his left arm (five pounds or less).  In an eight-hour workday, the claimant can stand or walk two hours and sit for six hours.  He requires a sit/stand option.  he can never climb

---

[1] Why it took over three years from the entry of the ALJ's decision for the Appeals Council to act thereon is unknown.

>    ladders, scaffold or ropes. The claimant can only occasionally climb ladders or stairs, balance, stoop, crouch, kneel or crawl. The claimant can only do occasional handling and fingering with his left hand. he should do only limited work with dangerous or unprotected machinery or at unprotected heights.
>
> 7. The claimant is unable to perform any of his past relevant work (20 CFR §404.1565).
>
> 8. The claimant is a "younger individual between the ages of 18 and 44" (20 CFR §404.1563).
>
> 9. The claimant has "more than a high school education" (20 CFR §404.1564).
>
> 10. Transferability of skills is not an issue in this case( 20 CFR§404.568).
>
> 11. The claimant has the residual functional capacity to perform significant range of light work (20 CFR §404.1567).
>
> 12. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule3s 202.20 and 202.21 of Table 2, Appendix 2, Part 404, subpart P, Social Security Regulation No. 4 as the framework for decision-making, there are a significant number of jobs in the national economy that he could perform. Examples of such jobs include work as gate tender and ticket seller. There are 250,000 gate tender positions in the national economy, 1800 in the State of Ohio, and 600 in northeaster Ohio. There are 300,000 ticket seller positions in the national economy, 2800 in the State of Ohio, and 800 in northeastern Ohio.
>
> 13. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of his date last insured of December 31, 2003 (20 C FR §404.1520(g)).

The standards which control on a review of this nature were summarized by the Sixth Circuit in <u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984) as follows:

>    Judicial review of the Secretary's decision is limited in scope to determining whether the findings of fact made by the Secretary are supported by substantial evidence and deciding whether the Secretary

employed the proper legal criteria in reaching her conclusion, Walston v. Gardner, 381 F.2d 580, 585 (6th Cir. 1967). This Court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility, Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972). Rather "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive..." 42 U.S.C. §405(g).

The Supreme Court has stated that "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantiality of the evidence must be based upon the record taken as a whole. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), citing Futernick v. Richardson, 484 F.2d 647 (6th Cir. 1973). "Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the `substantiality of evidence must take into account whatever in the record fairly detracts from its weight'." Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 387 (6th Cir. 1978), quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474 (1951). "We may not focus and base our decision entirely on a single piece of evidence, and disregard other pertinent evidence." Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978).

In resolving the issue of whether the defendant's final determination is supported by substantial evidence the decision upon judicial review cannot turn upon whether the reviewing court agrees with the Secretary's determination. Indeed, the reviewing court may conclude that substantial evidence would support a final determination contrary to that arrived at by the defendant and yet be obliged to affirm the defendant's final determination. In Mullen v. Bowen, 800 F.2d 535, at 545 (6th Cir. 1986), the court cited with approval the following from Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984):

> The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposition decision.

On this appeal the following three issues are advanced on behalf of the plaintiff:

I. WHETHER THE ALJ GAVE APPROPRIATE WEIGHT TO THE OPINION OF EXAMINING PHYSICIAN, DR. N. WALDBAUM.

II. WHETHER THE ALJ'S DETERMINATION OF A LIGHT RESIDUAL FUNCTIONING CAPACITY IS SUPPORTED BY SUBSTANTIAL EVIDENCE.

III. WHETHER MATERIAL NEW EVIDENCE WAS NOT PREVIOUSLY AVAILABLE AND WARRANTS REMAND.

Of critical importance in this case is a consideration overlooked by both counsel in their briefing, that being that the plaintiff's fully insured status, a requisite of eligibility for the benefits he seeks, only extended to December 31, 2003.  Therefore, to be entitled to an award in his favor the plaintiff must establish through objective medical evidence that he was disabled, within the meaning of the Social Security Act, no later than the terminal date.  Any medical evidence post-dating December 31, 2003 is of consequence only insofar as it bears upon the plaintiff's condition prior thereto.

This factor negates the plaintiff's third issue, in that the alleged "material new evidence" all pertains to the plaintiff's condition from May 19, 2005 though July 25, 2007, none of which is probative of his condition no later than December 31, 2003.

The first and second issues raised by the plaintiff can be considered together, as they both turn upon a report from Dr. Naomi Waldbaum of a consultative examination of the plaintiff she conducted on June 26, 2002 upon referral of the Social Security authorities.  Dr. Waldbaum concluded that "At this point in time this client is unable to perform any work related activities and requires ongoing medical care, and particularly his medications."

Amazingly, the argument made in plaintiff's submission undercuts the contentions that the

ALJ failed to give Dr. Waldbaum's opinion appropriate weight and/or that her opinion negates the ALJ's conclusion that the plaintiff is capable of performing work activities at the light level. In pertinent part, plaintiff's brief states:

> The opinions of a reviewing physicain regarding a disabled person's capabilities are entitled to little weight in disability determinations when contrary to the opinions of the sole examining physician. Warncke v. Harris, 619 F.2d 412 (5th Cir. 1980). Case law has held that the opinions of a treating or examining physician, where consistent with the record, are entitled to greater evidentiary weight than those of experts who have never examined or treated a Plaintiff. Kirk v. Secretary of Health and Human Services, 667 F.2d 524 (6th Cir. 1981). Opinions or reports of non-examining physicians "do not constitute substantial evidence on which to base an administrative decision." Strickland v. Harris, 615 S.3d 1103 (5th Cir. 1980).

The ALJ rejected Dr. Waldbaum's opinion on the basis that:

> While Dr. Waldbaum opined the claimant was unable to perform any work related activities, she is an examining physician and did not have the benefit of reviewing the other medical rreports contained in the current record. Therefore, the undersigned does not adopt Dr. Waldbaum's opinion that the claimant was unable to perform any work related activities, but gives her reports and findings limited weight based on consideration of the entire medical record.

The fact is that no treating physician has opined on the subject of the plaintiff's physical capabilities/limitations,[2] and this Court's review of the medical evidence in the record has not led this Court to conclude that the ALJ's ultimate conclusion that the plaintiff had not carried his burden of proving disability was beyond this ALJ's zone of choice as trier of the facts.

It is, accordingly, recommended that final judgment be entered in defendant's favor.

s/DAVID S. PERELMAN

---

[2]This Court notes that in a progress note dated March 19, 2004 entered by Dr. Joseph P. Hanna it is stated "Completed forms for Margolius [plaintiff's counsel]." No forms completed by Dr. Hanna appear in this record.

6

United States Magistrate Judge

DATE: May, 28, 2009

## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).