UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Kevin Morris,** | ) | **CASE NO. 1:08 CV 173** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Michael J. Astrue,** | ) | **Memorandum of Opinion and Order** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge David S. Perelman (Doc. 21) recommending that the decision of the Commissioner be affirmed.  Plaintiff filed objections to the Report and Recommendation.  For the reasons that follow, the Report and Recommendation is ACCEPTED.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

> **(b) Dispositive Motions and Prisoner Petitions.**
> ...The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." citing *United States v. Raddatz*, 447 U.S. 667 (1980).

## DISCUSSION

Plaintiff objects to the Report and Recommendation on two grounds.  Each will be addressed in turn.

1. Weight accorded to Dr. Waldbaum's opinion

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ properly considered the opinion of examining physician Dr. Waldbaum.  Dr. Waldbaum examined plaintiff at the request of the state and concluded that "at this point in time [plaintiff] is unable to perform any work related activities..."  Shortly before the examination, plaintiff was admitted to the hospital after lapsing into a diabetic coma.  Plaintiff was unaware that he suffered from diabetes mellitus. Dr. Waldbaum's examination revealed blurred vision in plaintiff's left eye and difficulty holding down food.  She further noted that plaintiff suffered from a blister on his left foot, which was tender and painful.  He also suffered from an abnormal gait.  In addition, Dr. Walbaum's testing revealed sympathetic dystrophy in the left hand.  She indicated that plaintiff required ongoing medical care and "particularly his medications."

In addition, a non-examining physician, Dr. W. Jerry McCloud, reviewed the medical

records.  He essentially agreed with the findings of Dr. Walbaum, with the exception of plaintiff's ability to engage in work.  The range of motion tests performed by Dr. Walbaum indicate a normal range of motor findings for the entire right side of the body, a "good" range above the left elbow, and a "poor" or "trace" range in the left wrist and fingers.  With regard to the left leg, plaintiff had a "good" range in the knee and hip, but absent or trace findings with regard to the foot and toes.  Dr. Walbaum noted a blood blister on plaintiff's heel.  The tests further show normal grasp, manipulation, pinch and fine coordination in the right hand and abnormal findings in the left hand.  A review of Dr. McCloud's findings demonstrate similar limitations.  Dr. McCloud concluded that plaintiff was limited in reaching, handling, fingering, and feeling in the left hand.  Similarly, the ALJ concluded that plaintiff can only do minimal lifting with his left hand (five pounds or less) and that he can do no pushing, pulling, or reaching with his left hand.  In reaching his conclusion, the ALJ considered the reports from Dr. Walbaum, Dr. McCloud, plaintiff's other medical records (consisting of emergency room visits), and plaintiff's own testimony.  The ALJ noted that the medical records demonstrate that plaintiff was noncompliant with his medications and dietary restrictions.  He further noted discrepancies in plaintiff's testimony leading him to discount the testimony to some degree.  Based on the evidence as a whole, the Court cannot say that the conclusion of the ALJ is not supported by substantial evidence.  The ALJ was not obligated to accept the disability conclusion rendered by Dr. Walbaum, who saw plaintiff on one occasion.  *See, Barker v. Shalala*, 40 F.3d 789 (6th Cir. 1994)(noting that treating physician rule does not apply to examining physicians and that opinions of examining physicians are entitled to no degree of deference).  Accordingly, plaintiff's first objection is not well taken.

2.	New evidence

Plaintiff objects to the Magistrate Judge's conclusion that the new evidence is not material because it does not pertain to his condition prior to December 31, 2003, the date his insured status expired.  It appears that the Magistrate Judge concluded that the new evidence is not "material" to plaintiff's condition as it existed prior to December 31, 2003.

In order to present new evidence through a sentence six remand, plaintiff must show "(i) that the evidence at issue is both "new" and "material," and (ii) that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006)(citing 42 U.S.C. § 405(g)).  "[E]vidence...is deemed "material" if there is a reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence. *Id*. at 484 (Internal citations and quotations omitted).

In this case, plaintiff presents evidence concerning two emergency room visits and a residual functional capacity test performed by Dr. Jabbour on July 28, 2007.  Upon review, the Court agrees with the Magistrate Judge that the new evidence is not material.  The first medical record pertains to an emergency room visit on May 15, 2005 for a rectal abscess.  The Court finds that this record is not material because plaintiff's previous rectal abscess was not relevant to the ALJ's initial findings.  A recurrence of that abscess years later does not create a reasonable probability that the ALJ would have reached a different disability determination.  Similarly, plaintiff presents medical records from an October of 2006 emergency room visit during which plaintiff complained of foot pain.  The x-ray taken at that visit, however, showed "no acute/significant" pathology.  In short, nothing in that record suggests that the ALJ would

4

have reached a different conclusion regarding disability.  The Court further rejects the RFC test performed by Dr. Jabbour.  That test was performed three years after the hearing in this matter and nothing in the report indicates that the findings relate to his condition prior to December 31, 2003.

**CONCLUSION**

For the foregoing reasons, the Report and Recommendation of Magistrate Judge David S. Perelman (Doc. 21) recommending that the decision of the Commissioner be affirmed is ACCEPTED and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/28/09